2016V01518/PWG/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA, : Hon. Joseph H. Rodriguez

        Plaintiff, : Civil Action No. 18-769

        v. : DEFAULT JUDGEMENT AND
           FINAL ORDER OF FORFEITURE
APPROXIMATELY 400,000 :
AIRCRAFT PARTS,

        Defendants *in Rem* :

WHEREAS, on or about January 18, 2018, the United States filed a Verified Complaint for Forfeiture *In Rem* (the "Verified Complaint") in the United States District Court for the District of New Jersey against approximately 400,000 aircraft parts that were seized on or about May 14, 2015 (the "Defendant Property");

WHEREAS, the Verified Complaint alleged that the Defendant Property is subject to forfeiture to the United States pursuant to 19 U.S.C. § 1595a(d), which subjects to forfeiture merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law;

WHEREAS, on or about February 1, 2018, the United States filed a Notice of Complaint for Forfeiture (the "Notice of Complaint");

WHEREAS, the Notice of Complaint stated that any person who wished to assert an interest in and avoid forfeiture of the Defendant Property was required to file a verified claim with the Clerk of the Court within thirty-five (35)

1

days after the date the Notice of Complaint was sent or the date of delivery, if personally served;

WHEREAS, the Notice of Complaint also detailed the procedure for filing a claim and answer;

WHEREAS, on or about February 1, 2018, the United States sent copies of the Verified Complaint and the Notice of Complaint by Federal Express to Lauritz Bertinus Wijers, a/k/a "Louis Wijers," Prins Willem-Alexanderplein 62, 2012 KX, Haarlem, Netherlands; Sebastian Van Bentem, Transportweg 19, 2421 LT, Nieuwkoop, Netherlands; and E.C.N. Sweep, Oomen & Sweep Advocaten, Prinsen Bolwerk 7, 2011 MA Haarlem, Netherlands, as required by Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure;

WHEREAS, on or about February 7, 2018, E.C.N. Sweep, Oomen & Sweep Advocaten, Prinsen Bolwerk 7, 2011 MA Haarlem, Netherlands, received copies of the Verified Complaint and the Notice of Complaint;

WHEREAS, on or about February 8, 2018, Sebastian Van Bentem, Transportweg 19, 2421 LT, Nieuwkoop, Netherlands, received copies of the Verified Complaint and the Notice of Complaint;

WHEREAS, or about February 8, 2018, Louis Wijers, Prins Willem-Alexanderplein 62, 2012 KX, Haarlem, Netherlands, received copies of the Verified Complaint and the Notice of Complaint;

WHEREAS, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, Notice of Civil Forfeiture was posted on an official internet government forfeiture website, namely www.forfeiture.gov for at least 30 consecutive days, beginning on February 7, 2018, notifying all third parties of their right to file a claim with the Court within 60 days from the first day of publication for a hearing to adjudicate the validity of their alleged legal interest in the property;

WHEREAS, on or about March 7, 2018, E.C.N. Sweep filed a document labeled "claim" in which he asserted an interest in the Defendant Property as the liquidator in WIAT's bankruptcy proceeding in the Netherlands;

WHEREAS, on or about March 13, 2018, Sebastiaan Van Bentem filed a claim to the Defendant Property;

WHEREAS, on or about April 9, 2018, Sebastiaan Van Bentem withdrew his claim;

WHEREAS, on July 11, 2018, the United States filed a motion to strike the claim filed E.C.N. Sweep for lack of statutory and Article III standing;

WHEREAS, On August 15, 2018, this Court entered an order striking the claim filed by E.C.N. Sweep with prejudice; and

WHEREAS, no conforming claims remain with regard to the Defendant Property, and the statutory time periods in which to file a claim have expired;

IT IS HEREBY, ORDERED, ADJUDGED, AND DECREED:

1. THAT a Default Judgment and a Final Order of Forfeiture is granted against the Defendant Property, namely approximately 400,000 aircraft parts, and no right, title or interest in the Defendant Property shall exist in any other party.

2. That any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposits, as well as any income derived as a result of the United States Department of Homeland Security, Customs and Border Protection's management of any property forfeited herein, after the payment of costs and expenses incurred in connection with the forfeiture and disposition of the forfeited property, shall be deposited forthwith by the United States Department of Homeland Security, Customs and Border Protection into the Department of the Treasury Forfeiture Fund, in accordance with the law.

The Clerk is hereby directed to send copies to all counsel of record.

ORDERED this 2nd day of October, 2018.

_____
HON. JOSEPH H. RODRIGUEZ, U.S.D.J.
United States District Court